AO 241 (Rev. 5/85)

# PETITION UNDER 28 USC § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions — Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____ , you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

PETITION UNDER 28 USC § 2254 FOR WRIT
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

# United States District Court

District: Massachusetts

Name: John Derek Murphy
Prisoner No. W68670
Case No.

Place of Confinement: MCI Shirley
P.O. Box 1218 Shirley, MA 01464

Name of Petitioner (include name under which convicted): John Derek Murphy

Name of Respondent (authorized person having custody of petitioner): v. Michael Thompson, Superintendent, MCI Shirley

The Attorney General of the State of: Massachusetts, Thomas Reilly

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Middlesex County Superior Court, 40 Thorndike Street, Cambridge, MA 02138

2. Date of judgment of conviction: October 19, 2001

3. Length of sentence: 7-10 years and 4½-5 years concurrent

4. Nature of offense involved (all counts): Larceny over $250 (14 counts); identity / fraud (1 count); forgery of a record (1 count); fraudulent use of a credit card (1 count); forgery / uttering a false record (1 count); falsifying or stealing a drivers license (1 count).

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

9. If you did appeal, answer the following:

   (a) Name of court __Massachusetts Appeals Court__

   (b) Result __convictions affirmed__

   (c) Date of result and citation, if known __October 15, 2003   59 Mass. App. Ct. 571 (2003)__

   (d) Grounds raised __Where the primary evidence linking the defendant to the crime's scenery was the conclusion of the Hand writing Expert. (See Addendum A)__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __Massachusetts Supreme Judicial Court__

   (2) Result __Further appellate review denied__

   (3) Date of result and citation, if known __December 29, 2003   440 Mass 1109 (2003)__

   (4) Grounds raised __This Court cannot support the defendant's unfair conviction where a juror omitted the fact of his close friendship. (See Addendum B)__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.         Yes ☐     No ☐
(2) Second petition, etc.       Yes ☐     No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self—incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.    Ground one: The trial courts refusal over objection to dismiss a juror and declare a mistrial after the juror revealed that he had conversations over the weekend with a person about murphys other similar criminal case where he was told that he could about the fact that the trial was ongoing with defense attorney and one of his best friends. which denied murphy due process and a fair trial by impartial jury.

Supporting FACTS (state *briefly* without citing cases or law) During jury selection juror revealed that his father in law was a former U.S. Attorney and his cousin was a police officer. On day 5 of trial this same juror told the judge that he talked to someone over the weekend who was attorney and learned that murphy had other criminal matters in Suffolk County. That evening murphy talked to his Suffolk criminal defense attorney who admitted to having a conversation with the juror when asked to a hearing on this issue the attorney said the juror was a friend of his and that they had many talks about his defense work and the criminal justice system. The attorney admitted to talking to the juror about the fact that he represented murphy in Suffolk county. The juror never revealed that the attorney was one of his best friends and he did not directly admit that he asked the person he talked to was murphys criminal defense attorney. The judge denied murphys request to dismiss the juror and declare a mistrial. Had the juror been dismissed there would only have been 11 jurors remaining.

B.    Ground two: _____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 5/85)

   C.    Ground three: _____

        Supporting FACTS (state *briefly* without citing cases or law) _____

   D.    Ground four: _____

        Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐       No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)    At preliminary hearing  *James Krasnoo 4 Longfellow Place Boston MA 02114*

    (b)    At arraignment and plea  *Same*

AO 241 (Rev. 5/85)

(c) At trial _Same_

(d) At sentencing _Same_

(e) On appeal _Frank G Lehner, 18 Tremont Street Street, suite 902, Boston MA 02108_

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☒    No ☐
    (a) If so, give name and location of court which imposed sentence to be served in the future: _Suffolk Superior Court, Pemberton sq, Boston MA_
    (b) Give date and length of the above sentence: _3 year probation to be served on and after Middlesex sentence_
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_3/11/05_
(date)

_____
Signature of Petitioner

(7)

## JOHN DEREK MURPHY V. MICHAEL A. THOMPSON
Petition for Writ of Habeas Corpus

### ADDENDUM A.
### Part 9(d): Claims Raised in State Direct Appeal

I. Where The Primary Evidence Linking The Defendant To The Crime Of Larceny Was The Conclusion Of The Handwriting Expert That Murphy's Signature Matched The Signature On The Credit Card Receipts, The Conviction Must Be Reversed And A New Trial Ordered Where The Admission Of Such Testimony Was In Violation Of The Principles Articulated In *Canavan's Case* And *Commonwealth v. Lanigan* And The Parallel Supreme Court Cases.

II. Where Insufficient Evidence Was Presented On The Larceny Over $250 Charges, The Forgery, Uttering And Fraudulent Use Of A Credit Card Charges, The Trial Court Erred In Not Granting The Defendant's Motion For A Required Finding At The Close Of The Commonwealth's Case, And At The Close Of The Evidence.

III. The Trial Court's Arbitrary Finding That The Bank Signature Card Constituted A Legal Document Within The Meaning Of G.L. C. 267, § 1 Was An Error Of Law.

IV. Murphy's Rights To A Fair And Impartial Jury Were Forever Tainted By The Trial Court's Failure To Excuse The Juror Who Had Conversations With Murphy's Criminal Defense Attorney Who Was Also The Juror's Best Friend.

V. The Commonwealth's Actions In Causing The Grand Jury To Issue Indictments Without Hearing Any Evidence To Support Such Issuance Both Impaired The Integrity Of The Grand Jury Proceedings And Constituted An Abuse Of The Power Of The Executive.

### ADDENDUM B.
### Part 9(e): Claims Raised in Application for Further Appellate Review to Higher Court

I. This Court Cannot Support The Defendant's Unfair Conviction Where a Juror Omitted The Fact Of His Close Friendship With The Defendant's Other Criminal Defense Attorney After Disclosing The Fact Of Their Discussion About The Defendant's Other Criminal Case Which Omission Forever Tainted The Jury.

II. Where the Defendant Was Convicted Based Upon the Unreliable and Prejudicial Testimony of the So-called Handwriting Expert and Where Such Evidence has been Found Unreliable and Suspect by Courts Across the Country, this Court Should Find That a Substantial Risk of A Miscarriage of Justice Occurred by the use of Such Evidence.