UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------x

JOHN DEREK MURPHY,

        Petitioner,

vs.

MICHAEL THOMPSON,
Superintendent, MCI Shirley,

        Respondent.

---------------------------------------------x

Civil Action No. 05-10548-JLT

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Michael Thompson, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1.     Admitted.

2.     Denied. Further answering, the respondent states that the date of the petitioner's conviction was October 18, 2000.

3.     Denied. Further answering, the respondent states that the petitioner was sentenced to the Massachusetts Correctional Institution ("MCI") at Cedar Junction for a term of 4½-5 years, with seven concurrent terms of the same length. *See* Docket Sheet for Middlesex Superior Court Criminal Action No. 1998-00613 (hereinafter, "Docket Sheet"), attached to the Supplemental Answer ("Supp. Ans."), filed herewith, as Exhibit 1. The petitioner was also sentenced to an additional term of 4½-5 years at MCI, Cedar Junction, to run from and after the expiration of the first 4½-5 year sentence, with four sentences running concurrently with this second term of years.

The petitioner was further sentenced to a term of 9-10 years, to be served concurrently with the first sentence imposed. *See id.*

    4.     Admitted.

    5.     Admitted.

    6.     Admitted.

    7.     Admitted.

    8.     Admitted.

9(a-e).  Admitted.

9(f).    Left blank by the petitioner.

    10.    The respondent is without knowledge or information sufficient to form a belief as to the truth of the statement set forth in paragraph 10 of the habeas petition, and calls upon the petitioner to prove same.

    11.    Left blank by the petitioner.

    12.    The respondent admits that the grounds set forth in paragraph 12 of the petition for a writ of habeas corpus are the grounds on which the petitioner seeks relief. The respondent denies each and every allegation of fact contained in paragraph 12 of the petition for a writ of habeas corpus. To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 12 of the petition for a writ of habeas corpus does not state a claim upon which relief may be granted.

    13.    Left blank by the petitioner.

    14.    Left blank by the petitioner.

15. Admitted.

16. Admitted.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for a writ of habeas corpus and calls upon petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1. Docket Sheet, *Commonwealth v. John D. Murphy*, Middlesex County Superior Court Criminal Action No. 1998-00613;

2. Brief and Record Appendix for the Defendant John D. Murphy, *Commonwealth v. John D. Murphy*, Massachusetts Appeals Court No. 2001-P-592;

3. Brief and Supplemental Record Appendix for the Commonwealth, *Commonwealth v. John D. Murphy*, Massachusetts Appeals Court No. 2001-P-592;

4. *Commonwealth v. John D. Murphy*, 59 Mass. App. Ct. 571 (2003);

5. Application for Further Appellate Review of the Defendant-Appellant, *Commonwealth v. John D. Murphy*, Supreme Judicial Court; and

6. *Commonwealth v. John D. Murphy*, 440 Mass. 1109 (2003)(table).

### Affirmative Defenses

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

Respectfully submitted,

MICHAEL THOMPSON,
Superintendent, MCI Shirley,

By his attorney,

THOMAS F. REILLY,
ATTORNEY GENERAL

_____
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2857
BBO # 634923

Dated: June 27, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the petitioner, John D. Murphy, on June 27, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to counsel as follows: Angela G. Lehman, Esq., 18 Tremont Street, Suite 902, Boston, Massachusetts 02108.

_____
Maura D. McLaughlin