*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

---

USCA Docket Number:  07-2191

USDC Docket Number :  05-10548-JLT

JOHN  DEREK  MURPHY

v.

MICHAEL THOMPSON, SUPERINTENDENT, MCI SHIRLEY

---

### CLERK'S SUPPLEMENTAL CERTIFICATE

I, Sarah A. Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed documents numbered:

36 Order entered 12/20/07

are the original or electronically filed pleadings to be included with the record on appeal in the above entitled case.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on December 28, 2007.

Sarah A. Thornton, Clerk of Court

By:s/
Catherine M. Gawlik, Deputy Clerk

Receipt of the documents in the above entitled
case is hereby acknowledged this date: _____.

_____
Deputy Clerk, US Court  of Appeals

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DEREK MURPHY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 05-10548-JLT |
| MICHAEL THOMPSON, SUPERINTENDENT, MCI SHIRLEY | * | |
| Respondent. | * | |

ORDER

December 20, 2007

TAURO, J.

On March 23, 2005, John Derek Murphy ("Petitioner") filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court denied Petitioner's motion on June 28, 2007. Presently at issue is Petitioner's Motion for Certificate of Appealability [#32] ("COA"), filed on September 21, 2007. For the following reasons, Petitioner's Motion is DENIED.

The standard for granting a COA is well established. Such relief should only be granted upon a "substantial showing" of a constitutional violation.[1] The definition of what constitutes a "substantial showing" is straightforward. Where the district court has rejected the original petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the

---

[1] Slack v. McDaniel, 529 U.S. 473, 483 (2000).

1

district court's assessment of the constitutional claims debatable or wrong."[2]

After reviewing Petitioner's submissions and the record, this court concludes that Petitioner fails to satisfy the abovementioned standard. Petitioner seeks a COA because a juror learned, through a conversation with a friend outside of court, that Petitioner had ongoing criminal proceedings in another court. The friend was representing Petitioner in those proceedings, though he did not tell the juror of his representation. The trial judge then asked the juror about this conversation. After determining that the juror was credible, and could remain fair and impartial, the judge permitted the juror to stay on the jury. Petitioner's trial lawyer moved for a mistrial and objected to the juror's continued participation. The trial court made further findings about the credibility of the juror, and confirmed that the juror could remain fair and impartial. The trial court then denied the motion for a mistrial.

A reasonable jurist would not find that the trial court's decision with respect to the juror violated Petitioner's rights to either an impartial jury or due process. The trial court had two opportunities to examine the juror's credibility and impartiality. On both occasions, it positively determined that the juror could remain fair and impartial. Petitioner has adduced no evidence to cast doubt upon the trial court's determination on either occasion. Since there are no issues that reasonable jurists would find wrong or debatable, this court finds no basis for granting a COA in the present case. The motion is DENIED.

IT IS SO ORDERED.

                                                         /s/ Joseph L. Tauro
                                                     United States District Judge

---

[2] Id. at 484.